

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Patricia McLane*  *Suite 400*  *DIRECT: 410-209-4942*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Patricia.McLane@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-0717*

January 13, 2025

The Honorable Lydia K. Griggsby
United States District Court Judge
District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

    Re:    Violation of Supervised Release in *United States v. Davin Johnson,*
            Crim. No. LKG-21-397

Dear Judge Griggsby:

    The Government submits this brief correspondence in advance of the Defendant, Davin Johnson's violation of supervised release hearing scheduled for January 14, 2025. In sum, the Defendant will admit to Violation Number One in Violation Petition Number One dated January 3, 2023. ECF No. 32. Upon the Court accepting the Defendant's admission, the Government believes **8 months' imprisonment** is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. §§ 3583(e), 3553(a).

    The Government agrees with the Guidelines range in the Defendant's letter dated January 13, 2025, specifically 8-14 months' incarceration based on the Grade B violation and the Defendant's criminal history.

    However, the Government does not agree with the Defendant's proposal of time served for this violation. The Defendant is not done with his life of crime. His social media account (twgmanman) is replete with his dedication to "gansta" life, including the handle itself – twg is the name of the Defendant's gang; moreover, these posts occurred *while he was on supervised release*. These posts are just a sample of his social media account obtained by his probation officer. The account shows that the Defendant does not care about being incarcerated, associating with negative peers, and reflects that he is not willing or able to change his life.

    In a post from October 14, 2024, after his arrest for the violation and while incarcerated, the Defendant states "they can lock me up for sure but can't kill me…F*** the State; F*** the Feds". This is not a post from a person who has or is learning the importance of following the law:



This dismissive attitude towards law enforcement is not new. He flaunted it on his account while on supervised release. On November 30, 2022, the Defendant warned others that he always has a gun "the 40" on him and references murder:



In October 2022, the Defendant bragged that his federal conviction changed his life, but by the gang sign he posed in the picture, it is clear the change was not for the better:



A sentence of 8 months is appropriate after considering the factors pursuant to 18 U.S.C. § 3553(a). Specifically, the Defendant committed a crime while on supervised release and he has not changed his life, rather he is doubling down on being a "gansta". A sentence of 8 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a). A period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public. The Government believes this sentence is sufficient but not greater than necessary.

Very truly yours,

Erek L. Barron
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney

3